1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUNNY DESIGN AND BUSINESS CONSULTING, LLC; and CHIH WEI HO, A/K/A SUNNY HER, | No. |
| Plaintiffs, | COMPLAINT |
| vs. | JURY DEMAND |
| EMPIRICAL REGENT, LLC, D/B/A BRIGHTWELL AQUATICS, | |
| Defendant. | |

Plaintiffs Sunny Design and Business Consulting, LLC ("BrightWater") and Chih Wei Ho, a/k/a Sunny Her ("Sunny Her"), bring this action against Defendant Empirical Regent, LLC, d/b/a Brightwell Aquatics ("Defendant"), and allege as follows:

**INTRODUCTION**

1.    Ms. Her and BrightWater bring this action to protect BrightWater's intellectual property rights in and to its "BrightWater" trademark and the product packaging and graphics used to identify its aquarium biological media form filters, aquarium ceramic biological media filters, and hot tub scum sponge products.

2.    Ms. Her and BrightWater seek a declaration pursuant to 28 U.S.C. § 2201 that BrightWater's use of the "BrightWater" mark and BrightWater's product packaging and graphics do not

COMPLAINT  –  1

**KAO LLP**
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

violate any of Defendant's purported trademark and trade dress rights.  This action has been necessitated by Defendant's meritless claims of trademark infringement, trade dress infringement, unfair competition, and its related demands for damages and injunctive relief.

## THE PARTIES

3.      BrightWater is a limited liability company organized under the laws of the State of Washington with its principal place of business at 18233 171st Avenue NE, Woodinville, Washington 98072.

4.      Sunny Her is the sole owner and officer of BrightWater and resides in Woodinville, Washington.

5.      On information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business at 212 33rd Street NE, Fort Payne, Alabama 35967.

## JURISDICTION AND VENUE

6.      This is an action for declaratory relief brought under 28 U.S.C. §§ 2201, *et seq.*; under the Lanham Act, 15 U.S.C. §§ 1114(1), 1117, 1119, 1125(a) and 1125(c); under Georgia's state unfair competition law, O.C.G.A. §§ 23-2-55, *et seq.*; and under Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370, *et seq.*  This Court has federal question subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121.  This Court has subject matter jurisdiction over the state law claim under 28 U.S.C. § 1338(b) and the doctrine of supplemental jurisdiction.

7.      An actual controversy exists between the parties.  Defendant has accused Ms. Her and BrightWater of infringing Defendant's common law trademark rights in "Brightwell" and "Brightwell Aquatics" and Defendant's U.S. Reg. No. 4,988,572 for "Brightwell Aquatics" (the "Asserted Trademarks").  Defendant has further accused BrightWater of infringing Defendant's alleged trade dress rights in its product packaging and graphics (the "Asserted Trade Dress").  Defendant has also accused BrightWater of federal, common law, and Georgia state law unfair competition for the alleged

COMPLAINT  –   2

KAO LLP
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

infringement of Defendant's trademark and trade dress rights.  Defendant has also accused BrightWater of violating the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-370, *et seq.*

8.      This Court has specific personal jurisdiction over Defendant because this Action arises out of Defendant's actions in Washington.  Defendant sent three cease-and-desist letters to BrightWater in this District.  Defendant's CEO made multiple telephone calls to BrightWater in this District to discuss Defendant's accusations.  Defendant subsequently filed suit against Ms. Her and BrightWater in the Northern District of Georgia and sent its agents to Woodinville, Washington, to personally serve Ms. Her and BrightWater with a summons and complaint asserting claims of trademark infringement, trade dress infringement, and unfair competition.  Additionally, BrightWater conceived and developed the allegedly infringing BrightWater name and product packaging in this District.  Further, on information and belief, Defendant sells products using the Asserted Trademarks and the Asserted Trade Dress to customers in Washington, both through its interactive website, www.brightwell.com, and through brick-and-mortar retail stores located in Washington.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

### BrightWater's Business and Trademark

10.      Ms. Her came up with the BrightWater name in Woodinville, Washington, where she was inspired by the Brightwater water treatment facility near her home, whose sign she sees from the road when driving by:



KAO LLP
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

11.     BrightWater's first product was a hot tub scum sponge, a product that is used to absorb oil and other impurities from the water in hot tubs.

12.     Subsequently, BrightWater developed and began offering for sale aquarium biological media form filters and aquarium ceramic biological media filters.  Biological media filters provide a place for helpful bacteria to grow in aquariums.  These bacteria help keep the water safe for fish by processing the toxic ammonia in fish waste.

13.     On April 2, 2019, the U.S. Patent and Trademark Office granted BrightWater U.S. Registration No. 5,717,882 for its "BrightWater" mark.  This registration covers International Class 11 ("Water purification and filtration apparatus").  A true and correct copy of the '882 Registration is attached as **Exhibit A**.

14.     Ms. Her made all business decisions regarding the selection of the BrightWater name, the design of BrightWater's website, the design of BrightWater's products, and the design of BrightWater's product packaging, in Washington.

15.     Ms. Her finalized these business decisions with the assistance of her career mentor, Ron Alessandroni, who resides in Seattle, Washington.  From her home office in Woodinville, Washington, she also hired a Taiwan-based designer, Ms. Daphne Tai, to assist the design and development of BrightWater's brand, products, and packaging.

16.     BrightWater generates most of its revenue through Washington-based Amazon.com, Inc.'s ("Amazon") "Fulfillment by Amazon" service.  For orders made through Amazon.com, Amazon processes the orders, fulfills the orders, collects payments, provides customer service to consumers, and manages returns, if necessary.

## Defendant's Business and Alleged Trademark Rights

17.     On information and belief, Chris Brightwell founded Brightwell Aquatics, an aquarium products company, naming the company after his surname.  Sometime later, Defendant Empirical Regent, LLC, which also sells aquarium products under the brand "Continuum Aquatics" purchased

COMPLAINT –   4

KAO LLP
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

Brightwell Aquatics.  Defendant continues to sell aquarium products under both the "Brightwell Aquatics" and "Continuum Aquatics" brands.

18.     Defendant has an interactive website, www.brightwellaquatics.com, through which Defendant sells its "Brightwell" and "Brightwell Aquatics" brand products. On information and belief, Defendant has sold and shipped these products to customers in Washington.

19.     Defendant also makes its products available at specialty aquatics retail shops in Washington.  For example, the store named "Inland Corals," located at 11811 E 1st Ave #6, Spokane Valley, Washington, carries several of Defendant's products, including Reef Code A, Reef Code B, Magnesion, Strontion, Replenish, pH+, and Koral MD.  Additionally, the store named "Barrier Reef Aquariums," located at 1717 Northeast 44th Street, Suite A, Renton, Washington, carries Defendant's Kalk+2 product.

20.     On information and belief, Defendant possesses a federal trademark registration for "Brightwell Aquatics," U.S. Registration No. 4,988,572 (the '572 Registration").  The '572 Registration covers International Classes 31 ("Foodstuffs for animals") and 01 ("Chemical aquarium water conditioners; Chemicals for use in aquariums").

**Defendant's Claims**

21.     On May 21, 2019, Defendant's outside counsel emailed BrightWater, attaching a cease-and-desist letter accusing BrightWater of infringing Defendant's alleged trademarks and trade dress. Ms. Her received this email and the attached letter at BrightWater's principal place of business in Woodinville, Washington.  The letter asserted that BrightWater's use of the "BrightWater" mark and the use of black packaging with white lettering and cyan blue coloring evidenced an intent to confuse the public as to the source of BrightWater's goods.  A true and correct copy of Defendant's letter is attached as **Exhibit B**.

22.     On June 12, 2019, Defendant's CEO Jack Kent called BrightWater's contractor, Tony Tsai.  Mr. Tsai received the call in Washington.  On the call, Mr. Kent told Mr. Tsai that he wanted

COMPLAINT  –   5

BrightWater to stop using its "BrightWater" mark because he believed it was confusingly similar to Defendant's Asserted Trademarks.

23.     Also on June 12, 2019, Mr. Kent emailed Mr. Tsai, providing his contact information. Mr. Tsai received this email in Washington.  Mr. Tsai responded via email the next day, attaching a copy of BrightWater's '882 Registration.

24.     On June 14, 2019, Mr. Kent again called Mr. Tsai.  Mr. Tsai received this call in Washington.  On this call, Mr. Kent reiterated his demand that BrightWater stop using the "BrightWater" mark.  Mr. Kent said that Defendant would take legal action if BrightWater did not comply with his demand.

25.     Later that day, Mr. Kent emailed BrightWater, attaching a letter.  Ms. Her received the email and attached letter at BrightWater's principal place of business in Woodinville, Washington.  This letter made an "offer" that was valid until 8:00 a.m. on June 17, 2019.  The letter stated that, if BrightWater agreed in writing to stop the allegedly infringing use of the "BrightWater" name, Defendant would not seek its attorneys' fees nor seek damages against BrightWater.  In addition, Defendant would be willing to discuss a transition period during which BrightWater could sell existing inventory.  This letter asserted that if BrightWater did not accept Defendant's offer within three days, Defendant would proceed to "have our attorney contact your attorney" and would expect "any settlement to fully remunerate me for all expenses that your actions have cost my company."  A true and correct copy of this letter is attached as **Exhibit C**.

26.     Ms. Her responded to Mr. Kent via email, stating that BrightWater had engaged an attorney who was investigating the matter.  Ms. Her's email also stated that she hoped they could reach a business resolution and avoid litigation.

27.     On June 17, 2019, Defendant's CEO, Jack Kent, emailed another letter to BrightWater. Ms. Her received the email and attached letter at BrightWater's principal place of business in Woodinville, Washington.  This letter accused Ms. Her of "premeditatedly" capitalizing on Defendant's reputation, using a name "strikingly similar" to Defendant's, and of copying Defendant's trade dress.

COMPLAINT  –  6

KAO LLP
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

1
2

This letter accused Ms. Her of being "a person totally focused on thievery." A true and correct copy of this letter is attached as **Exhibit D**.

3
4
5
6
7
8

28.     On June 21, 2019, BrightWater, through its outside counsel, sent a responsive letter to Defendant. This letter explained that Ms. Her was not even aware of Defendant's name when she came up with the "BrightWater" mark and therefore did not copy Defendant's mark. This letter further explained that there was no likelihood of confusion between Defendant's mark and "BrightWater" and therefore there was no trademark infringement.   A true and correct copy of this letter is attached as **Exhibit E**.

9
10
11
12
13

29.     On July 17, 2019, Defendant filed a lawsuit in the Northern District of Georgia, styled *Empirical Regent, LLC, d/b/a/ Brightwell Aquatics v. Sunny Design and Business Consulting, LLC; and Chih Wei Ho, a/k/a Sunny Her*, No. 1:19-cv-03253-MHC (the "Georgia Action"), naming Ms. Her and BrightWater as defendants.

14
15
16

30.     On July 23, July 28, and August 5, 2019, a process server sent by Defendant came to Ms. Her's home and BrightWater's principal place of business in Woodinville, Washington, and personally served Ms. Her and BrightWater with the complaint and a summons in the Georgia Action.

17
18
19
20
21
22

31.     Defendant's Complaint in the Georgia Action asserts claims for (1) Federal Trademark Infringement, (2) Unfair Competition and False Designation of Origin in Violation of Federal Law, (3) Cancellation of Federal Trademark Registration, (4) Georgia Uniform Deceptive Trade Practices Act (O.C.G.A. §§ 10-1-370, *et seq.*), (5) Use of Similar Trademark, Unfair Competition (O.C.G.A. § 23-2-55), and (6) Common Law Trademark Infringement And Unfair Competition. A true and correct copy of the Complaint from the Georgia Action is attached as **Exhibit F**.

23
24
25

32.     On August 30, 2019, Ms. Her and BrightWater filed a motion to dismiss for lack of personal jurisdiction, or, in the alternative, to transfer the case to the Western District of Washington. This motion is currently pending.

26
27
28

COMPLAINT –   7

**KAO LLP**
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

## COUNT I

### Declaratory Judgment of Non-Infringement of Federal Trademark
### (28 U.S.C. §§ 2201, *et seq.*, and 15 U.S.C. §§ 1051, *et seq.*)

33.     Ms. Her and BrightWater incorporate by reference the allegations in the paragraphs above.

34.     Defendant has accused Ms. Her and BrightWater of infringement, contributory infringement, and inducement of infringement of Defendant's Asserted Trademarks and Asserted Trade Dress, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

35.     However, Ms. Her and BrightWater have not infringed, contributorily infringed, or induced infringement of Defendant's alleged trademark and trade dress rights.  There is no likelihood of confusion between BrightWater's "BrightWater" mark and Defendant's '572 Registration or Defendant's "Brightwell" and "Brightwell Aquatics" marks.  Additionally, BrightWater's product packaging is distinguishable from Defendant's Asserted Trade Dress in terms of specific design elements and the overall appearance of BrightWater's product packaging.

36.     BrightWater's use of the "BrightWater" mark and BrightWater's product packaging is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of BrightWater with Defendant or any other person, or as to the origin, sponsorship, or approval of BrightWater's product by Defendant or any other person.

37.     Therefore, an actual and justiciable controversy exists between Ms. Her and BrightWater on one hand, and Defendant on the other, as to whether Ms. Her and BrightWater infringe Defendant's Asserted Trademarks and Asserted Trade Dress.

38.     Accordingly, Ms. Her and BrightWater are entitled to a declaratory judgment that BrightWater's use of the "BrightWater" mark and the BrightWater product packaging in connection with BrightWater's products does not violate Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), or otherwise constitute trademark or trade dress infringement.

39.     Ms. Her and BrightWater are also entitled to a declaratory judgment that Defendant is not entitled to any injunctive relief or damages under 15 U.S.C. § 1117.

COMPLAINT –   8

**KAO LLP**
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

## COUNT II

### Declaratory Judgment of No Unfair Competition or False Designation of Origin
### (28 U.S.C. §§ 2201, *et seq.*, and 15 U.S.C. § 1125(a))

40.     Ms. Her and BrightWater incorporate by reference the allegations in the paragraphs above.

41.     As described above, Defendant has accused Ms. Her and BrightWater of infringement, contributory infringement, and inducement of infringement of Defendant's Asserted Trademarks and Asserted Trade Dress.  Defendant has claimed that such alleged infringement constitutes false designation of origin, passing off, misappropriation, palming off and/or a misleading description or representation of fact that is likely to cause mistake, confusion and/or deception as to origin, sponsorship, authorization, creation or approval of Plaintiffs' products, and inducement of and contributory liability for the same, in violation of 15 U.S.C. § 1125(a).

42.     However, Ms. Her and BrightWater have not infringed, contributorily infringed, or induced infringement of Defendant's Asserted Trademarks and Asserted Trade Dress.  Thus, Ms. Her and BrightWater have not committed a false designation of origin, passing off, misappropriation, palming off and/or a misleading description of fact that is likely to cause mistake, confusion and/or deception as to origin, sponsorship, authorization, creation or approval of Plaintiffs' products, and inducement of and contributory liability for the same.

43.     Therefore, an actual and justiciable controversy exists between Ms. Her and BrightWater on one hand, and Defendant on the other, as to whether Ms. Her and BrightWater have violated Defendant's rights under 15 U.S.C. § 1125(a).

44.     Accordingly, Ms. Her and BrightWater are entitled to a declaratory judgment that BrightWater's use of the "BrightWater" mark and the BrightWater product packaging in connection with BrightWater's products does not violate 15 U.S.C. § 1125(a), or otherwise constitute unfair competition or false designation of origin.

45.     Ms. Her and BrightWater are also entitled to a declaratory judgment that Defendant is not entitled to any injunctive relief or damages.

COMPLAINT  –   9

KAO LLP
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COUNT III

**Declaratory Judgment of BrightWater's Right to Use and Register the "BrightWater" Mark (28 U.S.C. §§ 2201, *et seq*., and 15 U.S.C. § 1119)**

46.     Ms. Her and BrightWater incorporate by reference the allegations in the paragraphs above.

47.     In the Georgia Action, Defendant has alleged that BrightWater's '882 Registration for "BrightWater" is confusingly similar to Defendant's Asserted Trademarks, that the '882 Registration issued in error, and that the Court should cancel the '882 Registration pursuant to 15 U.S.C. § 1119.

48.     However, BrightWater's '882 Registration for "BrightWater" is not confusingly similar to Defendant's Asserted Trademarks and it did not issue in error.

49.     Therefore, an actual and justiciable controversy exists between Ms. Her and BrightWater on one hand, and Defendant on the other, as to whether BrightWater's '882 Registration should not be cancelled.

50.     Accordingly, Ms. Her and BrightWater are entitled to a declaratory judgment that BrightWater's '882 Registration did not issue in error and should not be cancelled.

## COUNT IV

**Declaratory Judgment of No Violation of Georgia Uniform Deceptive Trade Practices Act (28 U.S.C. §§ 2201, *et seq*., and O.C.G.A. §§ 10-1-370, *et seq*.)**

51.     Ms. Her and BrightWater incorporate by reference the allegations in the paragraphs above.

52.     Defendant has accused Ms. Her and BrightWater of engaging in and inducing unfair trade practices within the meaning of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-371, *et seq.*, by causing a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective services; causing a likelihood of confusion or misunderstanding as to the affiliation, connection or association of Ms. Her and BrightWater with Defendant and Defendant's products; and engaging in other conduct that similarly creates a likelihood of confusion or of misunderstanding among the consuming public and trade.

COMPLAINT  –   10

**KAO LLP**
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

53.     However, Ms. Her and BrightWater have not infringed, contributorily infringed, or induced infringement of Defendant's alleged trademark and trade dress rights.  Therefore, Ms. Her and BrightWater have not caused a likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective services; they have not caused a likelihood of confusion or misunderstanding as to the affiliation, connection or association of BrightWater's products; and they have not engaged in other conduct that creates a likelihood of confusion or misunderstanding among the consuming public and trade.

54.     Therefore, an actual and justiciable controversy exists between Ms. Her and BrightWater on one hand, and Defendant on the other, as to whether Ms. Her and BrightWater have violated the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-371, *et seq.*

55.     Accordingly, Ms. Her and BrightWater are entitled to a declaratory judgment that BrightWater's use of the "BrightWater" mark and the BrightWater product packaging in connection with BrightWater's products does not violate O.C.G.A. §§ 10-1-371, *et seq.*

56.     Ms. Her and BrightWater are also entitled to a declaratory judgment that Defendant is not entitled to any injunctive relief or damages under O.C.G.A. § 10-1-373.

## COUNT V

### Declaratory Judgment of No Violation of Georgia State Unfair Competition Law
### (28 U.S.C. §§ 2201, *et seq.*, and O.C.G.A. §§ 23-2-55, *et seq.*)

57.     Ms. Her and BrightWater incorporate by reference the allegations in the paragraphs above.

58.     In the Georgia Action, Defendant has alleged that Ms. Her's and BrightWater's alleged infringement of Defendant's trademark and trade dress rights was done with the intent to deceive or mislead the consuming public and trade, constituting unfair competition in violation of O.C.G.A. § 23-2-55.

59.     However, as discussed above, Ms. Her and BrightWater have not infringed Defendant's Asserted Trademarks and Asserted Trade Dress and have not acted with an intent to deceive or mislead the public.

COMPLAINT –   11

KAO LLP
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

60.     Therefore, an actual and justiciable controversy exists between Ms. Her and BrightWater on one hand, and Defendant on the other, as to whether Ms. Her and BrightWater have violated O.C.G.A. § 23-2-55.

61.     Accordingly, Ms. Her and BrightWater are entitled to a declaratory judgment that BrightWater's use of the "BrightWater" mark and the BrightWater product packaging in connection with BrightWater's products does not violate O.C.G.A. § 23-2-55.

62.     Ms. Her and BrightWater are also entitled to a declaratory judgment that Defendant is not entitled to any injunctive relief or damages under O.C.G.A. § 23-2-55.

## COUNT VI

**Declaratory Judgment of No Common Law Trademark Infringement or Unfair Competition
(28 U.S.C. § 2201)**

63.     Ms. Her and BrightWater incorporate by reference the allegations in the paragraphs above.

64.     Defendant has alleged that Ms. Her's and BrightWater's use of the "BrightWater" mark and BrightWater product packaging are likely to cause confusion, to cause mistake, or to deceive among purchasers as to the origin or sponsorship of Ms. Her's and BrightWater's products, constituting common law direct and contributory trademark infringement and unfair competition and the inducement of same.

65.     However, Ms. Her and BrightWater have not infringed, contributorily infringed, or induced infringement of Defendant's alleged common law trademark and trade dress rights.  There is no likelihood of confusion between BrightWater's "BrightWater" mark and Defendant's marks. Additionally, BrightWater's product packaging is distinguishable from Defendant's Asserted Trade Dress in terms of specific design elements and the overall appearance of BrightWater's product packaging.

66.     BrightWater's use of the "BrightWater" mark and BrightWater's product packaging is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or

KAO LLP
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

association of BrightWater with Defendant or any other person, or as to the origin, sponsorship , or approval of BrightWater's product by Defendant or any other person.

67.     Therefore, an actual and justiciable controversy exists between Ms. Her and BrightWater on one hand, and Defendant on the other, as to whether Ms. Her and BrightWater infringe Defendant's trademark and trade dress rights.

68.     Accordingly, Ms. Her and BrightWater are entitled to a declaratory judgment that BrightWater's use of the "BrightWater" mark and the BrightWater product packaging in connection with BrightWater's products does not violate Defendants' alleged common law trademark and trade dress rights.

69.     Ms. Her and BrightWater are also entitled to a declaratory judgment that Defendant is not entitled to any injunctive relief or damages pursuant to its common law trademark and trade dress rights.

## JURY DEMAND

70.     Pursuant to Federal Rule of Civil Procedure 38(b), BrightWater demands a trial by jury as to all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, BrightWater respectfully requests that the Court grant the following relief:

A.     Declare that BrightWater's use of the "BrightWater" mark does not infringe Defendant's '572 Registration or common law trademark rights in the "Brightwell" and "Brightwell Aquatics" marks;

B.     Declare that BrightWater's use of the BrightWater product packaging does not infringe Defendant's alleged trade dress rights;

C.     Declare that BrightWater's use of the "BrightWater" mark and the BrightWater product packaging does not constitute unfair competition, false designation of origin, or otherwise violate the provisions of 15 U.S.C. § 1125(a);

D.     Declare that BrightWater's '882 Registration for "BrightWater" did not issue in error and should not be cancelled under 15 U.S.C. § 1119;

COMPLAINT  –   13

KAO LLP
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243

1

2

E.      Declare that BrightWater's use of the "BrightWater" mark and the BrightWater product packaging does not violate Georgia's Uniform Deceptive Trade Practices Act, O.C.G.A. §§ 10-1-370, *et seq.*

3

4

5

F.      Declare that BrightWater's use of the "BrightWater" mark and the BrightWater product packaging does not violate Georgia's Unfair Competition Law, O.C.G.A. §§ 23-2-55, *et seq.*

6

7

G.      Declare that BrightWater's use of the "BrightWater" mark and the BrightWater product packaging does not violate common law trademark infringement and unfair competition laws;

8

9

10

11

H.      In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in BrightWater's favor and award BrightWater its reasonable attorney's fees, costs, and expenses of this action, and the same relating to Defendant's Complaint in the Georgia Action; and

12

I.       For all such other and further relief as this Court may deem just and proper.

13

14

Dated: November 13, 2019                    ATKINS INTELLECTUAL PROPERTY, PLLC

15

16

17

18

19

By /s/ Michael G. Atkins
Michael G. Atkins, WSBA# 26026
Atkins Intellectual Property, PLLC
113 Cherry Street #18483
Seattle, WA 98104-2205
Tel. (206) 628-0983
*mike@atkinsip.com*

20

KAO LLP

21

22

23

24

25

By /s/ Chris Kao
Chris Kao
Andrew G. Hamill
*Pro Hac Vice Applications Forthcoming*
201 Mission Street, Suite 1930
San Francisco, California 94105
Tel. (415) 539-0996
Fax (866) 267-0243

26

Attorneys for Plaintiffs

27

28

COMPLAINT  –   14

**KAO LLP**
201 Mission Street, Suite 1930
San Francisco, CA 94105
Phone: 415. 539.0996
Fax: 866.267.0243